IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EARNEST BARNARD CLAYTON,  :
                                 :
      **Plaintiff,**  :
  VS.  :      **NO. 5:21-CV-00389-TES-CHW**
                                 :
**DEPUTY WARDEN IVERY,** *et al.*,  :
                                 :
      **Defendants.**  :
_____  :

## ORDER AND RECOMMENDATION

Plaintiff Earnest Barnard Clayton, an inmate most recently confined at the Hancock State Prison in Sparta, Georgia, has filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also seeks leave to proceed *in forma pauperis* (ECF No. 2). For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and his retaliation and due process claims against Defendants Edward[1] and Ivery shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice** and that this case be consolidated with *Clayton v. Mitchell*, No. 5:21-cv-00335-MTT-MSH (M.D. Ga. Sept. 13, 2021).

---

[1] Plaintiff is unsure whether this Defendant is named "Floyd Edward" or "Edward Floyd." For ease of reference, the Court will refer to this individual as "Defendant Edward" in this Order and Recommendation.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has moved for leave to proceed in this action without prepaying the Court's filing fee pursuant to 28 U.S.C. § 1915(a). Federal law, however, bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous, or malicious, or for failure to state a claim. *See, e.g.,* Order Dismissing Compl., ECF No. 12 in *Clayton v. Williams*, Case No. 6:17-cv-70 (S.D. Ga. Dec. 6, 2017) (adopting recommendation to dismiss for failure to state a claim and failure to follow a

court order); Order Dismissing Compl., ECF No. 15 in *Clayton v. Williams*, Case No. 6:16-cv-151 (S.D. Ga. Nov. 14, 2017) (adopting recommendation to dismiss for failure to state a claim and failure to follow a court order); Order Dismissing Compl., ECF No. 10 in *Clayton v. Williams*, Case No. 6:16-cv-174 (S.D. Ga. Mar. 20, 2017) (adopting recommendation to dismiss and for failure to state a claim and failure to follow a court order); *see also* Order Dismissing Appeal, *Clayton v. Williams*, Appeal No. 17-11470 (11th Cir. Sept. 27, 2017) (three-judge panel dismissing appeal as frivolous).  Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).  Complaints of past injuries are not sufficient.  *See Medberry*, 185 F.3d at 1193.  Vague and unsupported claims of possible dangers likewise do not suffice.  *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998).  The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff's claims arise from his incarceration at the Hancock State Prison ("HSP") between November 25, 2019 and October 31, 2021.  Compl. 5, ECF No. 1.  According to the Complaint, Defendant Ivery, the HSP Deputy Warden of Security, and Defendant

Edward brought false disciplinary charges against Plaintiff and placed him in administrative segregation on or about June 29, 2021. *Id.* Plaintiff claims that the conditions of his cell in segregation were terrible; he was exposed to an infestation of insects and rodents as well as "dust, lint, feces odor(s), urine odor(s)," and extreme temperatures. *Id.* at 6-7. Plaintiff further contends that he lacked access to running water and drinking water, cleaning supplies to remove feces from the walls of his cell, and a "plasma flow device" that had been prescribed by a doctor. *Id.* at 7-8. Plaintiff additionally claims that the "unidentified dust particles" in his cell are present in his "lungs and mucus" and have caused him "severe headaches," "watery eyes," and a "change in his voice," among other things. *Id.* at 6.

Allegations similar to those alleged by Plaintiff regarding an inmate's exposure to dust and lint in his cell have been found to rise to the level of an imminent danger. *Gibbs v. Cross*, 160 F.3d 962, 965 (3d Cir. 1998) (allegations that prisoner was "suffering from 'severe headaches, change in voice, mucus that is full of dust and lint, and watery eyes'" sufficient to show prisoner was in imminent danger of serious physical injury). Accordingly, the Court finds that Plaintiff's allegations in this Complaint are also sufficient to entitle Plaintiff to the § 1915(g) exception, and Plaintiff will not be denied leave to proceed *in forma pauperis* on this basis.

Turning to Plaintiff's motion, it appears from Plaintiff's submissions that he is unable to pay the cost of commencing this action at this time. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is accordingly **GRANTED,** and Plaintiff will be permitted to proceed *in forma pauperis* on all the claims in his Complaint. *See, e.g.,*

*Chavius v. Chappius*, 618 F.3d 162, 171-72 (2d Cir. 2010) (joining Third, Seventh, Ninth, and District of Columbia Circuits in holding that "a plaintiff filing IFP on the basis of the imminent danger exception can proceed with all the claims in her complaint" even if some of those claims do not directly relate to the allegations of imminent danger). However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

### I.        Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court

twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.   Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY SCREENING OF PLAINTIFF'S COMPLAINT

### I.      Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.  *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"  *Hughes*, 350 F.3d at 1160 (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).  The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'"  *Id.* (citation omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.    Factual Allegations and Plaintiff's Claims

As noted above, Plaintiff's claims arise from his current incarceration at HSP, and Plaintiff contends that Defendants Ivery and Edward have violated his constitutional rights in several ways.  As a result of these alleged constitutional violations, Plaintiff primarily seeks injunctive relief, compensatory and punitive damages, and release from segregation.  Compl. 10, ECF No. 1.

8

A.    Conditions-of-Confinement Claims

The bulk of Plaintiff's Complaint centers on his contention that the conditions of his confinement in segregation at HSP violate his constitutional rights.  This claim, however, is already at issue in another one of Plaintiff's pending lawsuits and should therefore be dismissed in this case.  As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative" of one already pending in federal court.  *Curtis v. Citibank*, 226 F.3d 133, 138 (2d Cir. 2000).  "[A] suit is duplicative of another suit if the parties, issues, and available relief do not significantly differ between the two actions."  *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986).  "Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court."  *Id.* at 1551-52.  The Eleventh Circuit has also confirmed that "a plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious under the PLRA."  *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021).

Plaintiff's conditions-of-confinement claims are similar (or identical) to the claims Plaintiff made in another case pending before this Court, *Clayton v. Mitchell*, No. 5:21-cv-00335-MTT-MSH (M.D. Ga. Sept. 13, 2021) ("*Clayton I*").  *Compare* Compl. 5-6, ECF No. 1 (stating that Defendants Edward and Ivery were "responsible for the conditions of Plaintiff Clayton confinement in administrative segregation lockdown" and describing his cell as "infested with rats, roaches, cockroaches, ants, and other(s) insects and rodent(s) and feces") *with* Compl. 6, ECF No. 1 in *Clayton I* (stating that Defendants

Ivery and Edward, among others, placed Plaintiff in "a cell in administrative segregation" that "was infested with ants, cockroaches, spiders, rats, mices, and other insects"). Although the date on which Plaintiff states he was placed in administrative segregation differs between the two Complaints, it appears the Complaints refer to approximately the same period of time. *Compare* Compl. 8, ECF No. 1 (alleging that Plaintiff was housed in administrative segregation cell "[f]or more than thirty (30) consecutive days from June 29, 2021 . . . continuing throught [sic] the time of the filing of this complaint") *with* Compl. 6, ECF No. 1 in *Clayton I* (noting that Plaintiff was housed in administrative segregation cell on August 12, 2021). These claims are still pending against Defendants Ivery and Edward in *Clayton I.* Order & Recommendation 12, ECF No. 8 (allowing "conditions of confinement claim against Edward and Ivery based on the vermin and insect infestation in his cell" to proceed for further factual development"). These claims are therefore duplicative of those already pending in this Court and should be dismissed without prejudice for that reason. *See Curtis*, 226 F.3d at 138; *Daker*, 999 F.3d at 1308. If Plaintiff needs to amend or supplement his Complaint in *Clayton I* to add any additional facts to the conditions-of-confinement claims that are already proceeding in that case, he should file a motion to amend or supplement in that case pursuant to the Federal Rules of Civil Procedure.

        B.    Medical Treatment and Property Claims Related to "Plasma Flow Device"

Plaintiff next alleges that when he arrived at HSP, Defendant Ivery "destroyed Plaintiff Clayton plasma device ('plasma flow device') which is or/and was necessary for

Plaintiff Clayton serious medical needs."  Compl. 8, ECF No. 1.  This allegation could give rise to two different types of constitutional claims.  First, Plaintiff's allegations suggest that Defendant Ivery's destruction of his plasma flow device caused Plaintiff some medical difficulty.  A prisoner who demonstrates that a prison official was deliberately indifferent to his serious medical needs can state a claim under the Eighth Amendment.  *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); *Goodman*, 718 F.3d at 1331 n.1. "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Farrow*, 320 F.3d at 1243.  A plaintiff must first "set forth evidence of an objectively serious medical need" and must also "prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need."  *Id.*  In other words, prison officials must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam).

For purposes of this analysis, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted).  But in this case, Plaintiff has not alleged that he suffered from a serious medical need—he does not describe any medical conditions from which he suffers or explain why the "plasma flow device" is necessary to treat his medical needs.  Accordingly, Plaintiff has failed to state a cognizable Eighth Amendment medical deliberate indifference claim, and any such claims should be dismissed without prejudice.

Plaintiff's allegations that Defendant Ivery destroyed his plasma flow device could also potentially give rise to a due process claim. The Due Process Clause of the Fourteenth Amendment generally protects against deprivations of "life, liberty, or property without the due process of law." U.S. Const. amend. XIV. In order to establish a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived him of a constitutionally protected liberty or property interest without constitutionally adequate process. *See, e.g., Foxy Lady, Inc. v. City of Atlanta*, 347 F.3d 1232, 1236 (11th Cir. 2003) (per curiam).

Plaintiff here is alleging that Defendant Ivery deprived him of his property without due process. But even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "Georgia provides a civil cause of action for the wrongful conversion of personal property." *Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014) (per curiam) (citing O.C.G.A. § 51-10-1). The Eleventh Circuit has "held that this cause of action constitutes a suitable postdeprivation remedy for procedural due process violations." *Id.* Plaintiff has not alleged that he has attempted to pursue a civil action based on Defendant Ivery's actions or that such a remedy is not available to him, and he has therefore failed to state a procedural due process claim. Any such claim he attempts to raise in this case should therefore also be dismissed without prejudice.

C.     Due Process Claims

Next, Plaintiff contends that Defendants Ivery and Edward brought false disciplinary charges against Plaintiff that resulted in his placement in administrative segregation.   Such allegations could also give rise to a procedural due process claim. With respect to his confinement in segregation, Plaintiff appears to allege that prison officials deprived him of his "liberty" within the meaning of the Fourteenth Amendment. "Whether an inmate has a protected liberty interest that would entitle him to due process protections 'is often a difficult determination in the context of a prison, because prisoners have <u>already</u> been deprived of their liberty in the ordinary sense of the term.'" *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1346 (11th Cir. 2016) (quoting *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999) (emphasis in original)).   The Supreme Court, however, "has made clear that there are two circumstances in which a prisoner can be further deprived of his liberty such that due process is required." *Bass*, 170 F.3d at 1318.   First, a prisoner is entitled to due process "when an increased restraint 'exceed[s] [his] sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force." *Jacoby*, 835 F.3d at 1346 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (alterations in original)).   Second, a prisoner is entitled to due process if a change in the prisoner's conditions of confinement "'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.*

In this case, Plaintiff's Complaint is devoid of any facts suggesting that Defendants took any sort of action that unexpectedly altered the terms of his imprisonment, such as revocation of good time credit.  *See, e.g., Smith v. Deemer*, 641 F.

13

App'x 866, 867 (11th Cir. 2016) (per curiam) ("A hallmark example of action that unexpectedly alters an inmate's term of imprisonment is the revocation of good-time credit."). When construed liberally, however, Plaintiff has pleaded that the conditions of his confinement in segregation were markedly different than those in general population, and he appears to have been confined in segregation for more than four consecutive months. This restriction could thus conceivably "present a dramatic departure from the basic conditions of [Plaintiff's] indeterminate sentence." *Sandin*, 515 U.S. at 485-86; *see also Wallace v. Hamrick*, 229 F. App'x 827, 830-31 (11th Cir. 2007) (per curiam) (placement in administrative segregation for 28 days without hot water, adequate ventilation, or opportunity to exercise while awaiting disciplinary hearing supported due process claim because conditions may have constituted "an atypical and significant hardship 'in relation to the ordinary incidents of prison life'"). At this early stage, the Court cannot say that Plaintiff's due process claims against Defendants Ivery and Edward are entirely frivolous, and they shall therefore proceed for further factual development.

D.     Retaliation Claims

Plaintiff finally alleges that his assignment to administrative segregation was in retaliation for filing grievances and lawsuits against Defendants. He also appears to assert that Defendant Ivery retaliated against him by destroying his plasma flow device. It is well established that an adverse action imposed in retaliation for a prisoner's exercise of a constitutionally protected right is actionable. *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989) (per curiam). To state a retaliation claim, an inmate generally needs to show that he engaged in protected conduct; that the prison official's

14

retaliatory conduct adversely affected the protected conduct; and a causal connection between the protected conduct and the adverse action. *See, e.g., Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). But a prisoner's "unsupported conclusory assertion about a retaliatory motive is not enough to state a plausible claim for relief." *Leonard v. Monroe Cnty., Fla.*, 789 F. App'x 848, 850-51 (11th Cir. 2019) (per curiam).

In this case, Plaintiff alleges that "on more than one occasion," Defendant Edward visited Plaintiff in segregation and told Plaintiff "('we got you ass now') you shouldn't have filed that lawsuit and grievance against me and my co-worker." Compl. 8, ECF No. 1. Plaintiff also alleges that Defendant Ivery told Plaintiff "we are going to cause you hell at this prison for filing them grievances and lawsuits against Floyd at Baldwin State Prison we don't like people who write . . . lawsuits and grievances[.]" *Id.* Taking these allegations as true—which the Court must at this early stage—they are sufficient to show that Defendants Edward and Ivery may have been motivated to place or keep Plaintiff in segregation because Plaintiff engaged in protected conduct and that Defendant Ivery may have destroyed Plaintiff's property for the same reason. As such, Plaintiff's retaliation claims against Defendants Edward and Ivery concerning Plaintiff's assignment to segregation and his retaliation claim against Defendant Ivery concerning the destruction of Plaintiff's personal property shall proceed for further factual development.

## CONCLUSION

For the reasons discussed herein, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and his retaliation and due process claims against Defendants Edward and Ivery shall proceed for further factual development. It is

15

**RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED**

**without prejudice**.  In addition, as noted above, Plaintiff already has a case pending in

this Court against Defendants Edward and Ivery concerning his confinement to

segregation at HSP.  Rule 42(a) of the Federal Rules of Civil Procedure authorizes the

Court to consolidate actions that "involve a common question of law or fact."[2]

Consolidation of Plaintiff's cases will conserve judicial resources and permit more

efficient resolution of Plaintiff's claims.  It is therefore also **RECOMMENDED** that this

case, 5:21-cv-00389-TES-CHW (M.D. Ga. Nov. 2, 2021), be **CONSOLIDATED** into

*Clayton I*, 5:21-cv-00335-MTT-MSH, and that the above-captioned action be

**ADMINISTRATIVELY CLOSED.**

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written

objections to these recommendations with the Honorable Tilman E. Self, III, United

States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy

of this Recommendation.  The parties may seek an extension of time in which to file

written objections, provided a request for an extension is filed prior to the deadline for

filing written objections.  Failure to object in accordance with the provisions of §

636(b)(1) waives the right to challenge on appeal the district judge's order based on

---

[2]"[T]he lack of any Rule 42(a) motion from any party in either of the two cases is no impediment to consolidation if the relevant considerations warrant same." *Chambers v. Cooney*, No. 07-0373-WS-B, 2007 WL 3287364, at *1 (S.D. Ala. Nov. 2, 2007) (citing *Devlin v. Transp. Comm. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*.")).

16

factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

<h3 align="center">ORDER FOR SERVICE</h3>

Having found that certain of Plaintiff's allegations against Defendants Ivery and Edward warrant further factual development, it is accordingly **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

<h3 align="center">DUTY TO ADVISE OF ADDRESS CHANGE</h3>

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

<h3 align="center">DUTY TO PROSECUTE ACTION</h3>

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS,
PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition**

18

**may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 24th day of November, 2021.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge